# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:10cv288

| | |
|---|---|
| POLYMER GROUP, INC., ) <br> PGI POLYMER, INC., ) <br> CHICOPEE, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> Vs. ) <br> ) <br> ) <br> ) <br> MAGLA PRODUCTS, LLC, ) <br> THE KROGER CO., ) <br> ) <br> Defendants. ) <br> _____ ) | ORDER |

**THIS MATTER** is before the court on Defendants' motion to dismiss (docket no. 22). The court held a hearing on the motion on June 21, 2011. The court denied the motion to dismiss in open court at the hearing, and this order is intended to memorialize the court's denial of the motion.

This is a trademark infringement action, arising from Plaintiffs' allegation that their "wavy line" pattern found on their HANDIWIPES® brand household wipes is a registered trademark, and that the pattern is infringed by Defendant Magla's line of non-woven, dry household cleaning wipes, sold under the MR. CLEAN® brand and Magla's own EASY WIPE® brand.

1

Plaintiff filed their complaint on June 30, 2010. Plaintiffs bring the following claims against Defendants: (1) infringement of Plaintiffs' federally registered trademark in violation of the Lanham Act, 15 U.S.C. §§ 1114 (trademark infringement), 1125(a) (unfair competition) and 1125(c) (dilution); (2) violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. GEN. STAT. §§ 75-1.1 and 75-16; (3) infringement of Plaintiffs' common law trademark rights; and (4) unjust enrichment.

On August 30, 2010, Defendants Magla Products, LLC and the Kroger Company filed a motion to dismiss the complaint pursuant to Rule 12(b)(6). The court held a hearing on the motion on July 21, 2011. As the parties and the court discussed at the hearing, notwithstanding that the motion to dismiss was filed pursuant to Rule 12(b)(6), Defendants attached materials outside the pleadings, and they rely on these materials to support their motion to dismiss. Plaintiffs informed the court at the hearing that it needed to conduct discovery on the claims and defenses, so that Plaintiffs were not amenable to the court converting the motion to dismiss to one for summary judgment at the hearing. The court informed the parties that it would therefore deny the motion to dismiss so that the parties could commence discovery.

**ORDER**

It is therefore ordered that, for the reasons stated in open court and in this order,

Defendants' motion to dismiss (docket no. 22) is **DENIED**. Furthermore, the clerk is respectfully requested to designate on the docket sheet that the pending motion to compel an Answer (docket no. 26) is no longer pending, as it has been mooted by the denial of the motion to dismiss.

Signed: June 27, 2011

Max O. Cogburn Jr.
United States District Judge